```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JAMES HOLMES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT REILLY, et al. | : | NO. 12-679 |

MEMORANDUM

SANCHEZ, J.                                    FEBRUARY 16, 2012

    James Holmes, a prisoner at the George W. Hill Correctional Facility, filed this civil rights action against various prison employees, alleging constitutional violations stemming from disciplinary proceedings against him and conditions in the "super maximum unit" where he was housed after being found guilty of misconduct. Currently before the Court is Holmes's motion to proceed in forma pauperis. For the following reasons, this Court will deny the motion pursuant to 28 U.S.C. § 1915(g) without prejudice to Holmes reinstating the case by paying the filing fee.

    According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). Holmes has filed twelve cases in this Court in the past two years. (See E.D. Pa. Civ. A. Nos. 10-6831,

1

11-504, 11-748, 11-988, 11-1198, 11-2190, 11-3329, 11-6038, 11-6039, 12-679, 12-794 & 12-795.) Although the majority of those cases are still pending, some of them were dismissed by this Court before Holmes filed this case. The question before the Court is whether the dismissed cases give rise to three strikes against Holmes for purposes of § 1915(g).

Two of Holmes's cases, Civ. A. Nos. 11-748 & 11-988, were consolidated and dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Holmes never appealed that ruling and the time for him to do so has long since expired. Accordingly, those cases count as one strike against him.[1] See, e.g., Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) (noting that a dismissal does not qualify as a "strike" until the litigant has exhausted or waived his appellate rights).

This Court dismissed two additional cases, Civ. A. Nos. 10-6831 & 11-1198, for failure to state a claim, but did so without prejudice to Holmes filing an amended complaint. In Civ. A. No.

---

[1] The Court recognizes the possibility that the consolidated cases might count as two strikes, instead of one, for purposes of § 1915(g). See Hagan v. Rogers, 570 F.3d 146, 161 n.11 (3d Cir. 2009) (observing that, before there can be a consolidation under Federal Rule of Civil Procedure 42(a), "there are, by definition, separate actions"); Cella v. Togum Constructeur Ensemblier en Industrie Alimentaire, 173 F.3d 909, 912 (3d Cir. 1999) ("[C]onsolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.") (quotations omitted). However, because the Court finds two strikes apart from the consolidated cases, as discussed further below, the Court need not reach this issue.

10-6831, this Court's order expressly noted that failure to file an amended complaint within thirty days would render the case "dismissed with prejudice." (Document No. 14.) Holmes did not file an amended complaint within the prescribed time period, nor did he file an appeal within the time period prescribed by Federal Rule of Appellate Procedure 4(a). Accordingly, his case was rendered dismissed with prejudice for failure to state a claim and counts as Holmes's second "strike" under § 1915(g). See In re Westinghouse Sec. Litig., 90 F.3d 696, 704 (3d Cir. 1996) (holding that district court did not abuse discretion in dismissing case with prejudice when plaintiff did not file amended complaint).

This Court's order in Civ. A. No. 11-1198 dismissed the complaint without prejudice to Holmes's ability to file an amended complaint by August 1, 2011. Again, Holmes did not file an amended complaint within the prescribed time period nor did he file a timely appeal. Whether this dismissal without prejudice constitutes a strike implicates an issue of first impression in the Third Circuit, so this Court will look to other Circuits for guidance.

The Ninth and Tenth Circuits have held that dismissals without prejudice constitute strikes "so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim." Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam); see also O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008) (observing that § 1915(g) "does not distinguish

3

between dismissals with and without prejudice"). In contrast, the Fourth Circuit has held that dismissal without prejudice for failure to state a claim may not be counted as a strike because such a dismissal permits a plaintiff to refile his complaint and therefore does not constitute "an adjudication on the merits." See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009). Thus, according to the Fourth Circuit, "[a] potentially meritorious but inartfully pleaded claim by a prisoner that is dismissed without prejudice for failure to state a claim is wholly distinct from a claim that is dismissed as frivolous, malicious, or substantively meritless." Id. at 397. The Seventh Circuit rejected that analysis in dicta, noting that when a "plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff."[2] Paul v. Marberry, 658 F.3d 702, 705 (7th Cir. 2011).

Having considered the above authority, this Court concludes

---

[2] Other cases that have touched on this issue have done so in the context of dismissals without prejudice for failure to exhaust administrative remedies. Compare Snider v. Melindez, 199 F.3d 108, 111 (2d Cir. 1999) (dismissal without prejudice for failure to exhaust administrative remedies does not count as a strike because "[s]ection 1915(g)'s mandate . . . was intended to apply to nonmeritorious suits dismissed with prejudice, not suits dismissed without prejudice for failure to comply with a procedural prerequisite") with Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (dismissal without prejudice for failure to exhaust constitutes a strike), abrogated on other grounds by, Jones v. Bock, 549 U.S. 199, 211-12 (2007)(holding that prisoners need not plead exhaustion because failure to exhaust is an affirmative defense).

4

that when a complaint is dismissed for failure to state a claim without prejudice to plaintiff filing an amended complaint, the dismissal counts as a strike if plaintiff fails to file an amended complaint and the dismissal is not reversed on appeal. That the plaintiff is given an opportunity to cure his defective pleading does not alter the fact that the initial complaint failed to state a claim as pled - an appropriate basis for assessment of a strike under § 1915(g). Furthermore, a plaintiff's failure to amend in the time period prescribed by the Court effectively renders the case dismissed with prejudice unless the plaintiff can somehow persuade the Court to reopen proceedings. Cf. Shapiro v. UJB Fin. Corp., 964 F.2d 272, 278 (3d Cir. 1992) (when district court dismissed without prejudice to plaintiff's amending complaint, the district court's "order had the effect of dismissing the improperly pleaded claims with prejudice" once the amendment period expired).

This Court dismissed Holmes's complaint in 11-1198, which alleged that Holmes was denied access to the courts, because Holmes's allegations, on their face, failed to establish that he suffered any prejudice from the alleged absence of certain materials in the law library. In other words, Holmes "fail[ed] to state a claim upon which relief may be granted," within the meaning of § 1915(g). Thus, the Court will count the dismissal of 11-1198 as Holmes's third strike.

As Holmes has accrued three strikes under § 1915(g), he may not proceed with this action unless the allegations of his

complaint, liberally construed, indicate that he was in imminent danger of serious physical injury at the time he filed his complaint. See Gibbs v. Cross, 160 F.3d 962, 966 (3d Cir. 1998). The complaint contends that Holmes was prevented from adequately preparing for his disciplinary proceeding and was precluded from presenting evidence and witnesses on his behalf. Nothing about those facts suggests a basis for overcoming § 1915(g). Holmes also complains of the conditions in the super maximum unit, where he was housed after being found guilty of misconduct, alleging, among other things, that he was housed near an inmate who posed a threat to him, subjected to cold temperatures, and denied the ability to practice his religion. However, it is apparent from the complaint that he was no longer housed there as of January 7, 2012, a month before he filed this action. Accordingly, he was not under any imminent threat of physical harm and is therefore barred by § 1915(g) from proceeding in forma pauperis.

    For the foregoing reasons, Holmes's motion to proceed in forma pauperis is denied without prejudice to Holmes reinstating this case by paying the filing fee. An appropriate order follows.