IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES HOLMES | : CIVIL ACTION |
| v. | : |
| SUPERINTENDENT REILLY, et al. | : NO. 12-679 |

MEMORANDUM

SANCHEZ, J.                                              FEBRUARY 17, 2012

Currently before the Court is plaintiff James Holmes's motion to proceed in forma pauperis. As this Court recently concluded that Holmes has accumulated three "strikes" for purposes of 28 U.S.C. § 1915(g), see Holmes v. Reilly, E.D. Pa. Civ. A. No. 12-679 (Document No. 2), he may not proceed in forma pauperis in this action unless the allegations of his complaint, liberally construed, establish that he was in imminent danger of serious physical injury at the time that he filed the complaint. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc); Gibbs v. Cross, 160 F.3d 962, 966 (3d Cir. 1998). Holmes has not met that standard.

The complaint asserts various Eighth Amendment violations based on the conditions at the George W. Hill Correctional Facility, where Holmes is incarcerated. He claims that he was subjected to unsanitary conditions because he was placed in a two-man cell with three inmates. However, the complaint alleges that prison officials fixed the overcrowding problem in Holmes's cell on December 19, 2011, such that the cell was "back to (2) inmates" as of that date. Holmes indicates that he was subjected

to the "harsh conditions and violations [described in the complaint] for (13) days."

As Holmes filed this action on February 8, 2012, it is apparent that, to the extent he was subjected to dangerous conditions that had the potential to cause him physical harm, those conditions no longer existed at the time he filed this case. Accordingly, § 1915(g) bars him from proceeding with this action _in_ _forma_ _pauperis_. This Court will therefore deny Holmes's application to proceed _in_ _forma_ _pauperis_ without prejudice to his reinstating this action by paying the filing fee. An appropriate order follows.